### UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF COLORADO

CHRISTOPHER D. CARTER,

    Plaintiff,

v.

CREDIT COLLECTION SERVICES, INC.

    Defendant.

Case No. 1:21-cv-02266

### COMPLAINT

**NOW COMES** Plaintiff, CHRISTOPHER D. CARTER ("Plaintiff"), by and through his undersigned counsel, complaining of Defendant, CREDIT COLLECTION SERVICES, INC. ("Defendant"), as follows:

### NATURE OF THE ACTION

1.  Plaintiff brings this action seeking for Defendant's violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*. and violations of the Colorado Consumer Protection Act.

2.  Congress expressly found that "there is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors." 15 U.S.C. §1692(a).

### JURISDICTION AND VENUE

3.  This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

4.  Venue in this district is proper under 28 U.S.C. § 1391(b)(2).

5.  This Court has supplemental jurisdiction pursuant to over Plaintiff's state law claim pursuant to 28 U.S.C. § 1367.

## PARTIES

6.     Plaintiff is a natural person, over 18-years-of-age, who at all times relevant resided in this federal jurisdiction.

7.     Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

8.     Defendant is a third-party debt collection agency with its principal place of business located at 725 Canton Street Norwood, Massachusetts 02062. Defendant's primary business purpose is collecting or attempting to collect, directly or indirectly, defaulted consumer debts owed or due or asserted to be owed or due to others using the mail and telephone, including consumers in the State of Colorado.

9.     Defendant is a "debt collector" as defined by 15 U.S.C. §1692a(6) because (1) it uses instrumentalities of interstate commerce and the mail in the course of collecting consumer debt; (2) the principal purpose of Defendant's business is the collection of debt; and (3) it regularly collects consumer debt owed to others.

## FACTS SUPPORTING CAUSE OF ACTION

10.     Prior to the conduct giving rise to this action, Plaintiff opened a line of credit with PNC Bank and incurred a balance of $764.73 alleged ("subject debt").

11.     At some point, Defendant obtained the alleged defaulted debt for collection.

12.     In or around April 19, 2021, Defendant began placing collection calls to Plaintiff's cellular telephone ending in 7831.

13.     Plaintiff answered the April 19, 2021 phone call and informed Defendant that he does not conduct business over the phone and to stop calling.

14.     Unfortunately, Defendant's collection calls continued to Plaintiff's cellular telephone.

15.     Plaintiff once again spoke to Defendant on August 11, 2021; Plaintiff informed the Defendant to cease all telephone calls.

16.     Defendant claimed they have not attempted to call Plaintiff any time prior to the August conversation.

17.     Immediately Plaintiff knew that Defendant's claim is incorrect, as Plaintiff has numerous documented phone calls placed by Defendant.

18.     Defendant uses the phone number (781) 989-1000 to call Plaintiff, but upon information and belief, it may use other phone numbers to contact Plaintiff on his cellular phone.

19.     Since the onset of Defendant's collection campaign, Defendant has placed no less than 30 telephone calls to Plaintiff's cellular telephone.

20.     In spite of Plaintiff's request that the calls cease, Defendant continued to place calls to his cellular telephone number without his prior consent.

## DAMAGES

21.     Defendant's harassing and abusive collection conduct has severely disrupted Plaintiff's daily life and general well-being.

22.     Plaintiff has expended time and incurred costs consulting with his attorneys as a result of Defendant's false, deceptive, harassing, and misleading collection efforts.

23.     Defendant's phone harassment campaign and illegal collection activities have caused Plaintiff actual harm, including but not limited to, invasion of privacy, nuisance, intrusion upon and occupation of Plaintiff's cellular telephone capacity, wasting Plaintiff's time, the increased risk of personal injury resulting from the distraction caused by the phone calls, aggravation that accompanies unsolicited telephone calls, emotional distress, mental anguish, anxiety, loss of concentration, diminished value and utility of

telephone equipment and telephone subscription services, the loss of battery charge, and the per-kilowatt electricity costs required to recharge his cellular telephone as a result of increased usage of his telephone services.

24.     Concerned about the violations of his rights and invasion of his privacy, Plaintiff sought the assistance of counsel to permanently cease Defendant's collection efforts.

## COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

25.     Plaintiff restates and realleges all paragraphs as though fully set forth herein.

26.     Plaintiff is a "consumer" as defined by FDCPA §1692a(3).

27.     Defendant is a "debt collector" as defined by §1692a(6) because its primary business is the collection of delinquent debts and it regularly collects debts and uses the mail and/or the telephones to collect delinquent accounts allegedly owed to a third party.

28.     Moreover, Defendant is a "debt collector" because it acquired rights to the debt after it was in default. 15 U.S.C. §1692a(6).

29.     The debt in which Defendant attempting to collect upon is a "debt" as defined by FDCPA §1692a(5) as it arises out of a transaction due or asserted to be owed or due to another for personal, family, or household purposes.

30.     Defendant used the phone and mail to attempt to collect the debt and, as such, engaged in "communications" as defined in FDCPA §1692a(2).

31.     Defendant's communications to Plaintiff were made in connection with the collection of the debt.

32.     Defendant violated 15 U.S.C. §§1692c(a)(1), d, d(5), e, e(2), e(10), e(11), and f through its unlawful debt collection practices.

### a.  Violations of FDCPA § 1692c

33.     Defendant violated §1692c(a)(1) when it continuously called Plaintiff after being notified to stop. This repeated behavior of continuously and systematically calling Plaintiff's cellular phone over and over after he demanded that Defendant cease contacting him was harassing and abusive. Even after being told to stop calling, Defendant continued its onslaught of phone calls with the specific goal of abusing Plaintiff into making a payment on the subject debt.

34.     Furthermore, Defendant has relentlessly called Plaintiff on numerous occasions. The volume of calls shows that Defendant willfully ignored Plaintiff's request that the calls cease with the goal of annoying him into submission.

35.     Defendant was notified by Plaintiff that its calls were not welcomed. As such, Defendant knew that its conduct was inconvenient, unwanted, and distressing to him.

### b.  Violations of FDCPA §1692d

36.     Defendant violated §1692d by engaging in conduct intending to harass and abuse Plaintiff. Defendant purposely placed calls to Plaintiff's cellular phone even after it knew he did not wish to be contacted. Furthermore, in the conversations between Defendant's representative and Plaintiff, Defendant's representatives became alleged that they never called Plaintiff. Defendant's behavior was intended to abuse and mislead Plaintiff into submission so he would pay off the subject debt.

37.     Defendant violated §1692d(5) by causing Plaintiff's cellular phone to ring repeatedly and continuously in an attempt to engage Plaintiff in conversations regarding the collection of the subject debt with the intent to annoy, abuse, or harass Plaintiff. Furthermore, Defendant continued to place these calls after Plaintiff informed Defendant its calls were no longer welcome. Specifically, Defendant placed or caused to be placed numerous harassing phone calls to Plaintiff's cellular telephone from April 19, 2021 through the present day, without his prior consent.

**c.  Violations of FDCPA § 1692e**

38.     Defendant violated §§1692e, e(2) and e(10) by engaging in false, deceptive and misleading conduct when it falsely represented to Plaintiff that they never called him to attempt to collect the subject debt even though Plaintiff has documented telephone calls placed by defendant. This misleading behavior only served to intimidate Plaintiff into paying off the subject debt and continue Defendant's harassing collection campaign.

**d.  Violation of  FDCPA §1692f**

39.     Defendant violated §1692f when it used unfair and unconscionable means to collect the subject debt. Defendant knew that they began placing telephone calls to Plaintiff's telephone, but attempted to confuse Plaintiff, in hopes that they could continue their collection campaign of subject debt despite Plaintiff's clear feelings towards the unwanted calls. These actions were unfair to Plaintiff because Defendant knowingly lied and harassed Plaintiff regarding subject debt and unwanted telephone calls.

40.     As pled above, Plaintiff was harmed by Defendant's conduct.

**WHEREFORE**, Plaintiff CHRISTOPHER D. CARTER respectfully requests that this Honorable Court:

6

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned bodies of law;

b. Awarding Plaintiff statutory damages of $1,000.00 as provided under 15 U.S.C. §1692k(a)(2)(A);

c. Awarding Plaintiff actual damages, in an amount to be determined at trial, as provided under 15 U.S.C. §1692k(a)(1);

d. Awarding Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k(a)(3); and

e. Awarding any other relief as this Honorable Court deems just and appropriate.

## <u>COUNT II</u>

**Colorado Consumer Protection Act**

41.      Plaintiff incorporates all paragraphs as fully set forth herein.

42.      To prevail on a Colorado Consumer Protection Act ("CCPA") claim, "a plaintiff must show: (1) that the defendant engaged in an unfair or deceptive trade practice; (2) that the challenged practice occurred in the course of defendant's business, vocation, or occupation; (3) that it significantly impacts the public as actual or potential consumers of the defendant's goods, services, or property; (4) that the plaintiff suffered injury in fact to a legally protected interest; and (5) that the challenged practice caused the plaintiff's injury." *Kelly v. Wolpoff & Abramson, L.L.P.*, 2007 U.S. Dist. LEXIS 60528, at *25 (D. Col. 2007).

43.      Defendant violated the CCPA by (1), providing Plaintiff with deceptive and confusing information about his statutorily guaranteed rights and (2) repeatedly ignoring Plaintiff's requests to have the collection calls cease and thus harassing Plaintiff in an attempt to obtain payment on the subject account.

44.      Defendant's conduct as outlined herein was patently unfair and caused Plaintiff injury as explained above.

7

45.    Plaintiff had no choice but to submit to Defendant's abusive and harmful conduct as outlined herein.

46.    Plaintiff's experience with Defendant as set forth herein is not unique to Plaintiff as upon information and belief numerous consumers in Colorado have suffered similarly. **WHEREFORE**, Plaintiff requests the following relief:

A.    A finding that Defendant's conduct violated the CCPA;

B.    Entry of judgment in Plaintiff's favor and against Defendant for violations of the CCPA;

C.    An award of actual damages;

D.    An award of punitive damages;

E.    An award of Plaintiff's attorney's fees and costs.

### DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff demands a trial by jury.

Dated: August 20th, 2021                          Respectfully submitted,

**CHRISTOPHER D. CARTER**

/s/ *Victor T. Metroff, Esq.*

Mohammed Badwan, Esq.
Victor T. Metroff, Esq.
*Counsel for Plaintiff*
Sulaiman Law Group, Ltd.
2500 S. Highland Ave., Ste. 200
Lombard, IL 60148
(630) 575-8181
mbadwan@sulaimanlaw.com
vmetroff@sulaimanlaw.com