UNITED STATES DISTRICT COURT
DISTRICT OF COLORADO

Case No. 1:21-cv-02266-REB-SKC

CHRISTOPHER D. CARTER,

        Plaintiff,

v.

CREDIT CONTROL SERVICES, INC. d/b/a CREDIT COLLECTION SERVICES,

        Defendant.

## DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES

AND NOW comes Defendant Credit Control Services, Inc., d/b/a Credit Collection Services ("CCS"), incorrectly sued herein as Credit Collection Services Inc., by and through its undersigned counsel, Gordon Rees Scully Manuskhani, LLP, and hereby answers the Plaintiff's Complaint brought by Plaintiff, Christopher Carter ("Plaintiff"). In support thereof, CCS avers as follows:

## ANSWER TO NATURE OF THE ACTION

1.    Admitted in part and denied in part. CCS admits that Plaintiff is attempting to assert a claim pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA"), as well as violations of the Colorado Consumer Protection Act, Colo.Rev.Stat. § 6–1–101 et seq. ("CCPA") CCS denies that it violated the FDCPA or the CCPA. Unless otherwise admitted, the allegations in this paragraph are denied.

2.    Admitted in part and denied in part. CCS admits that Section 1692(a) of the FDCPA provides, in part: "[t]here is abundant evidence of the use of abusive, deceptive,

1

and unfair debt collection practices by many debt collectors." Unless otherwise admitted, CCS denies the allegations in this paragraph.

## ANSWER TO JURISDICTION AND VENUE

3. Denied. CCS denies the allegations in this paragraph, as they call for conclusions of law. CCS refers all questions of law to the Court.

4. Denied. CCS denies the allegations in this paragraph, as they call for conclusions of law. CCS refers all questions of law to the Court.

5. Denied. CCS denies the allegations in this paragraph, as they call for conclusions of law. CCS refers all questions of law to the Court.

## ANSWER TO PARTIES

6. Admitted in part and denied in part. CCS admits, on information and belief, that Plaintiff is a natural person over the age of eighteen years. CCS denies the remaining allegations in this paragraph because CCS lacks sufficient knowledge or information as to whether Plaintiff resided in this jurisdiction at all times relevant to the allegations in this complaint.

7. Denied. CCS denies the allegations in this paragraph, as they call for conclusions of law. CCS refers all questions of law to the Court.

8. Admitted in part and denied in part. CCS admits that it maintains a place of business at the address identified in this paragraph. CCS admits at times, it engages in the practice of collecting debts owed to others. Unless otherwise admitted, the allegations in this paragraph are denied.

9. Admitted in part and denied in part. CCS admits that, at times, its conducted renders it a "debt collector" as the term is defined by the FDCPA. Unless otherwise admitted, CCS denies the allegations in this paragraph.

## ANSWER TO FACTS SUPPORTING CAUSE OF ACTION

10. Admitted in part and denied in part. CCS admits that Plaintiff incurred a debt obligation as a result of a contractual breach, his failure to pay PNC Bank an amount of $764.73. CCS denies Plaintiff's mischaracterization of Plaintiff's valid and delinquent debt as "alleged", as it is valid, due and owing.

11. Admitted in part and denied in part. CCS admits the Plaintiff's valid and delinquent PNC Bank debt was placed with CCS on April 8, 2021. CCS denies Plaintiff's mischaracterization of Plaintiff's valid and delinquent debt as "alleged", as Plaintiff failed to pay a valid and delinquent debt obligation owed to PNC Bank.

12. Admitted in part and denied in part. CCS admits that its records reflect that CCS placed a call to a telephone number ending in 7831 in the course of its efforts to recover on Plaintiff's valid and delinquent debt obligation on April 12, 2021. CCS further admits that no party answered the April 12, 2021 call. CCS denies that its records reflect that it placed a call to the telephone number ending in 7831 on April 19, 2021. Therefore, CCS denies the remaining allegations in this paragraph as they rely on a false premise.

13. Denied. CCS denies placing a call to Plaintiff on April 19, 2021 and, therefore, denies the allegations in this paragraph and leaves Plaintiff to his burden of proof.

14. Admitted in part and denied in part. CCS admits that it placed additional calls to the telephone number ending in 7831 after the April 12, 2021 unanswered call (and in the absence of any call on April 19, 2021) until CCS received a cease request from Plaintiff on August 11, 2021. Unless otherwise admitted, CCS denies the allegations in this paragraph. *See* **Exhibit A**, Informal Translation of August 11, 2021 Call from CCS to Plaintiff.

15. Admitted in part and denied in part. CCS admits that it placed a call on August 11, 2021 to the Plaintiff, where CCS spoke with Plaintiff for the first time. Unless otherwise admitted, the allegations in this paragraph are denied.

16. Denied. CCS denies the allegations in this paragraph. A factual basis for these allegations is demanded of Plaintiff.[1]

17. Denied. CCS lacks sufficient knowledge or information to form a belief as to the allegations of this paragraph and therefore denies same. CCS further denies the allegations in this paragraph as they rely on a false premise.

18. Admitted in part and denied in part. CCS admits that it uses the phone number identified in this paragraph. Unless otherwise admitted, the allegations in this paragraph are denied.

19. Admitted in part and denied in part. CCS admits that its records reflect a total of 29 unanswered calls and a single answered call on August 11, 2021 to a

---

[1] During the outgoing call on August 11, 2021, CCS informed Plaintiff that they have not spoken to Plaintiff prior to the call. CCS did not state that CCS did not place calls to Plaintiff before August 11, 2021 (albeit unanswered calls). Plaintiff, subsequently placed an incoming call to CCS on August 11, 2021.

telephone number ending in 7831 over the course of approximate four (4) months. Unless otherwise admitted, the allegations in this paragraph are denied.

20.     Denied. CCS denies the allegations in this paragraph. When Plaintiff requested cessation of calls to a telephone number ending in 7831 for the first time on August 11, 2021, CCS' records reflect that it honored this request. A factual basis to the contrary is demanded of Plaintiff.

## ANSWER TO DAMAGES

21.     Denied. CCS denies engaging in any harassing or abusive collection conduct and, therefore, denies these allegations. A factual basis for these conclusory allegations is demanded of Plaintiff.

22.     Denied. CCS denies engaging in any false, deceptive, harassing or misleading collection efforts, and, therefore, denies the remaining allegations in this paragraph.

23.     Denied. CCS denies the false premise that its conduct could be deemed harassing or illegal. CCS denies violating the FDCPA or the CCPA and denies that it was a proximate or direct cause of any perceived harm claimed by Plaintiff. A factual basis for the conclusory allegations in this paragraph, include all facts, if any, regarding purported damages claimed by Plaintiff in this paragraph, is demanded of Plaintiff.

24.     Denied. CCS lacks sufficient knowledge or information as to Plaintiff's motivations in bringing this lawsuit and therefore, CCS denies these allegations and leaves Plaintiff to his burden of proof.

## **ANSWER TO COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT**

25. No response is required to this paragraph as Plaintiff is merely incorporating his allegations from prior paragraphs by reference. To the extent that a response is deemed necessary, CCS incorporates its responses to Paragraphs 1 through 24 as though fully set forth herein at length.

26. Denied. CCS denies the allegations in this paragraph, as they call for conclusions of law. CCS refers all questions of law to the Court.

27. Denied. CCS denies the allegations in this paragraph, as they call for conclusions of law. CCS refers all questions of law to the Court.

28. Denied. CCS denies the allegations in this paragraph, as they call for conclusions of law. CCS refers all questions of law to the Court.

29. Denied. CCS lacks sufficient knowledge or information to form a belief as to the allegations of this paragraph and therefore denies same.

30. Admitted in part and denied in part. CCS admits that it used the telephone and the mail in the course of its efforts to recover on outstanding debt obligation owed by Plaintiff. CCS denies the remaining allegations in this paragraph, as they call for conclusions of law. CCS refers all questions of law to the Court.

31. Admitted in part and denied in part. CCS admits that its first telephonic communication with Plaintiff took place on August 11, 2021, and the call was placed in the course of CCS' efforts to recover on a delinquent debt obligation owed by Plaintiff. Unless otherwise admitted, the allegations in this paragraph are denied.

32. Denied. CCS denies the allegations in this paragraph, as they call for conclusions of law. CCS refers all questions of law to the Court.

### a. Violations of FDCPA §1692c

33. Denied. CCS denies the allegations in this paragraph as CCS immediately ceased placing calls upon receipt of the oral cease request from Plaintiff on August 11, 2021. CCS further denies these allegations, as they call for conclusions of law. CCS refers all questions of law to the Court.

34. Denied. CCS denies that, prior to Plaintiff's cease request on August 11, 2021, twenty-nine calls overs a four month period could be deemed "relentless". CCS denies the remaining allegations in this paragraph as they rely on the false premise that Plaintiff made an earlier cease request and CCS leaves Plaintiff to his burden of proof in this regard.

35. Admitted in part and denied in part. CCS admits that, on August 11, 2021, for the first and only time, Plaintiff requested cessation of calls to the telephone number ending in 7831 and that CCS honored Plaintiff's cease request. CCS denies the remaining allegations in this paragraph as they rely on a false premise.

### b. Violations of FDCPA §1692d

36. Denied. CCS denies violating the FDCPA, in general, or Section 1692d of the FDCPA in particular. CCS denies engaging in any conduct that could reasonably or rationally be construed as having the natural consequence of harassing, oppressing or abusing Plaintiff. CCS denies the remaining allegations in this paragraph as they materially mischaracterize the August 11, 2021 conversation.

37.     Denied. CCS denies violating the FDCPA, in general, or Section 1692d(5) of the FDCPA, in particular.  CCS denies causing Plaintiff's telephone to ring repeatedly or continuously and denies repeatedly or continuously engaging Plaintiff in telephone conversations, with intent to annoy, abuse, or harass Plaintiff.  CCS denies that 29 unanswered calls (and the August 11, 2021 answered call), over the course of about four months could plausibly be viewed as violative of Section 1692d or its subsection 1692d(5).  A factual basis for these conclusory allegations is demanded of Plaintiff.

### c.  Violations of FDCPA §1692e

38.     Denied. CCS denies that CCS violated Section 1692e, as CCS made no such representation during the course of its initial conversation with Plaintiff on August 11, 2021.  CCS denies engaging in any false, deceptive or misleading conduct with respect to its efforts to recover on Plaintiff's valid and delinquent debt obligation.  A factual basis for these conclusory allegations is demanded of Plaintiff.

### d.  Violation of FDCPA §1692f

39.     Denied. CCS denies the wholly redundant claims asserted by Plaintiff under Section 1692f of the FDCPA. For the same reasons that Plaintiff's Sections 1692c, 1692d and 1692e claims fail, so must Plaintiff's redundant 1692f claim fail.

40.     Denied. CCS denies Plaintiff was harmed by the conduct of CCS and CCS leaves Plaintiff to his burden of proof as to his perceived harms.

### ANSWER TO PRAYER FOR RELIEF
### AS TO COUNT I

CCS denies the allegations in Plaintiff's "WHEREFORE" clause

as to Count I. Specifically, CCS denies that Plaintiff's Prayer for Relief is appropriate in the absence of any viable claims.

## ANSWER TO COUNT II
### Colorado Consumer Protection Act

41.  No response is required to this paragraph as Plaintiff is merely incorporating his allegations from prior paragraphs by reference. To the extent that a response is deemed necessary, CCS incorporates its responses to Paragraphs 1 through 40 as though fully set forth herein at length.

42.  Admitted in part and denied in part. CCS admits that Plaintiff quotes from *Kelly v. Wolpoff & Abramson, L.L.P.*, No. CIVA 07CV00091 EWNKL, 2007 WL 2381536, at *8–9 (D. Colo. Aug. 17, 2007) [2](quoting from *Hall v. Walter,* 969 P.2d 224, 235 (Colo.1998)) as to the elements of a CCPA claim:

> (1) that the defendant engaged in an unfair or deceptive trade practice; (2) that the challenged practice occurred in the course of defendant's business, vocation, or occupation; (3) that it significantly impacts the public as actual or potential consumers of the defendant's goods, services, or property; (4) that the plaintiff suffered injury in fact to a legally protected interest; and (5) that the challenged practice caused the plaintiff's injury.

CCS denies that Plaintiff can prevail on his CCPA claim in the absence of a deceptive trade practice, let alone one that significantly impacts the public or that Plaintiff incurred any injury. A factual basis for these conclusory allegations is demanded of Plaintiff.

43.  Denied. CCS denies violating the CCPA because CCS did not provide any deceptive or confusing information to Plaintiff about his statutorily guaranteed rights

---

[2] Summary Judgment was subsequently entered in favor of Wolpoff & Abramson. *Kelly v. Wolpoff & Abramson, L.L.P.*, 634 F. Supp. 2d 1202 (D. Colo. 2008)

and did not ignore Plaintiff's request to cease collection calls – a request made by Plaintiff in the *only* conversation with CCS on August 11, 2021.   A factual basis for these conclusory allegations is demanded of Plaintiff.

44. Denied. CCS denies the purported conduct alleged by Plaintiff and denies that CCS was a proximate or direct cause of any injury claimed by Plaintiff. A factual basis for these conclusory allegations is demanded of Plaintiff.

45. Denied. CCS denies the purported conduct alleged by Plaintiff.  A factual basis for these conclusory allegations is demanded of Plaintiff.

46. Denied. CCS denies the allegations in this paragraph.  CCS further denies that CCS engaged in the purported conduct and denies that CCS was a proximate or direct cause of any injury or experience claimed by Plaintiff or any other consumers in Colorado.

## ANSWER TO PRAYER FOR RELIEF
## AS TO COUNT II

47. CCS denies the allegations in Plaintiff's "WHEREFORE" clause as to Count II. Specifically, CCS denies that Plaintiff's Prayer for Relief is appropriate in the absence of any viable claims.

## ANSWER TO DEMAND FOR JURY TRIAL

Admitted in part and denied in part. CCS admits that Plaintiff seeks a trial by jury against CCS. CCS denies that Plaintiff can seek a trial by jury against CCS in the absence of any viable claims against CCS.

## AFFIRMATIVE DEFENSES

## FIRST AFFIRMATIVE DEFENSE

Plaintiff has failed to state claims upon which relief may be granted.  CCS did not violate the FDCPA of CCPA in the course of its collection efforts to recover on a valid and delinquent debt obligation owed by Plaintiff to PNC Bank.  Therefore, Plaintiff's claims against CCS under the FDCPA and CCPA should be dismissed or withdrawn.

## SECOND AFFIRMATIVE DEFENSE

Plaintiff has failed to show any violation of the FDCPA or CCPA, and, therefore, is not entitled to attorney's fees or costs.

## THIRD AFFIRMATIVE DEFENSE

Plaintiff is not entitled to recover any damages, or any recovery awarded should be reduced by the amount of damages that reasonably could have been avoided, because Plaintiff failed to take reasonable steps to mitigate his damages with respect to the matters alleged in the Complaint.

## FOURTH AFFIRMATIVE DEFENSE

The conduct of CCS at all times complied with the FDCPA and CCPA, and all applicable statutes, regulations, and laws. Accordingly, the Complaint and each purported cause of action alleged therein against CCS is barred.

## FIFTH AFFIRMATIVE DEFENSE

A plaintiff in an FDCPA action has the burden of proving that the underlying debt is consumer in nature. Plaintiff has not pleaded any facts demonstrating that the alleged debt at issue is a consumer debt.

## SIXTH AFFIRMATIVE DEFENSE

11

Any purported damages claimed by Plaintiff, which CCS denies, were due to the affirmative actions and/or omissions of Plaintiff or others and does not give rise to any claim of damages against CCS.

### SEVENTH AFFIRMATIVE DEFENSE

If CCS violated the FDCPA or CCPA which it denies, Plaintiff has incurred no actual damages or any ascertainable loss as a result of the purported violation.

### EIGHTH AFFIRMATIVE DEFENSE

In the event that Plaintiff is able to adequately plead a violation of the FDCPA or CCPA, which CCS denies, Plaintiff's entitlement to statutory damages is capped at $1,000 per action.

### NINTH AFFIRMATIVE DEFENSE

CCS reserves the right to raise any other Affirmative Defenses not previously asserted in this Answer as they may arise through further investigation or discovery.

### TENTH AFFIRMATIVE DEFENSE

Upon information and belief, the agreement between Plaintiff and PNC Bank requires individual arbitration.  CCS reserves the right to compel individual arbitration in this matter and affirmatively asserts this right.

**WHEREFORE**, Defendant Credit Control Services, Inc., d/b/a Credit Collection Services, prays that this Answer be deemed good and sufficient and that claims against CCS be dismissed with prejudice; that judgment be granted in favor of Defendant and that the relief requested by Plaintiff be denied; that all costs be taxed to Plaintiff. Pursuant

to 15 U.S.C. § 1692k(a)(3), CCS seeks its reasonable fees and costs incurred in defending against that claim. CCS respectfully requests that the Court award the requested relief as well as such other and further relief as may the Court may deem just and equitable.

Dated: December 2, 2021

                    Respectfully submitted,

                    **GORDON REES SCULLY MANSUKHANI, LLP**

                    *s/ Hannah E. Engle*
                    Hannah E. Engle, Esq.
                    555 Seventeenth Street, Suite 3400
                    Denver, Colorado 80202
                    Tel: (303) 534-5160
                    hengle@grsm.com

                    *Attorney for Defendant, Credit Control Services, Inc. d/b/a Credit Collection Services*

## CERTIFICATE OF SERVICE

The undersigned, an attorney, states that on December 2, 2021, a true and complete copy of the foregoing **DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES** was filed with the Clerk of The Court and served in accordance with the Federal Rules of Civil Procedure and/or the District's Local Rules, and/or the District's Rules on Electronic Service, upon the following parties and participants:

Mohammed Badwan, Esq.
Victor T. Metroff, Esq.
Omar T. Sulaiman, Esq.
Marwan R. Daher, Esq.
Jennifer Ann McLaughlin, Esq.
Sulaiman Law Group, Ltd.
2500 S. Highland Avenue, Suite 200
Lombard, Illinois 60148
Tel: (630) 575-8181
Attorneys for Plaintiff
mbadwan@sulaimanlaw.com
vmetroff@sulaimanlaw.com
osulaiman@sulaimanlaw.com
mdaher@sulaimanlaw.com
jmclaughlin@soulaimanlaw.com

*Attorneys for Plaintiff*

*/s/ Ya Bratcher*
Attorney for Defendant, Credit Control Services, Inc., d/b/a Credit Collection Services